# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DONALD E. MAHONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-246-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Donald E. Mahone, a *pro se* prisoner, filed a Habeas Corpus Petition [DE 1] ON May 21, 2008, challenging his 180-day loss of earned credit time and demotion in credit class. On June 20, the Petitioner filed a Supplement [DE 5] to his Petition.

On June 4, 2007, in case number ISP 07-05-0384, the Indiana State Prison Disciplinary Hearing Body (DHB) found him guilty of battery. On appeal, the severity of the charge was reduced from A-102 to B-212, but the extension of the duration of his confinement remained the same. The Petition has four entries for grounds for seeking relief, but the Petitioner listed five grounds for seeking habeas relief. The Court will address each one in the order in which it was mentioned in the Petition.

First he argues that there is insufficient evidence to find him guilty of battery. (Pet. 1–2, DE 1) (Ground 1). In his administrative appeal to the superintendent, the Petitioner wrote, "There was not any evidence presented at the Disciplinary hearing outside of Sgt. C. Tatum['s] allegation that a battery on Staff (code # 102) occurred." (Supplement 3.) Sgt. Tatum wrote in the conduct report, "Offender Mahone # 856518 stopped me by pushing me away . . .[and] Offender Mahone # 856518 grabbed me and him and I were wrestling in the shower area." (Supplement 14.) Although the Petitioner now argues that there is no other evidence of a battery

and that others stated that they did not see a battery, this Court uses "[t]he 'some evidence' standard[,] [which is] less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The Seventh Circuit has explained:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Here, the conduct report of the battered officer is some evidence of a battery in a similar way to an officer's field report in *McPherson*:

> For its decision, the CAB relied on Fields' disciplinary report. That report alone provides "some evidence" for the CAB's decision. The brevity of the report, which McPherson finds important, is not fatal because the report describes the alleged infraction in sufficient detail. There is no question that the conduct described would violate the prison rule.

*Id*. Therefore, this first claim presents no basis for habeas corpus relief.

Second, the Petitioner argues that he was not given a hearing within seven days in violation of the Adult Disciplinary Policy. (Pet. 3) (Ground 2). Violations of prison rules are not a basis for habeas corpus relief because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also Jemison v Knight*, 244 F. App'x 39, 42 (7th Cir. 2007) (stating that "a violation of an administrative rule is an issue of state law and does not provide grounds for relief under § 2254."). Because there is no constitutional requirement that a prison disciplinary hearing be conducted within seven days, this claim presents no basis for habeas corpus relief.

Third, the Petitioner argues that he did not know that he was going to have a hearing on June 4, 2007, and that he was denied the opportunity to marshal evidence in his defense. (Pet. 3) (Ground 3). Although *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), requires that an inmate be given 24-hour advance written notice of the factual basis of the charges against him, it does not require that he be told exactly when his hearing will be held. Here, the record makes clear that the Petitioner received more than 24-hours notice of the charges against him and that he was afforded ample opportunity to marshal a defense. He was given notice of the charges on May 28, 2007, and he requested six witnesses. (Supplement 13.) Statements were obtained from all six witnesses. (*Id.* at 6–11.) That constitutes his ample opportunity to marshal a defense. Therefore, this claim presents no basis for habeas corpus relief.

Fourth, the Petitioner argues that the punishment is excessive. (Pet. 3) (Ground 4). This claim is analyzed in terms of the Eighth Amendment's prohibition on cruel and unusual punishment. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008). This standard "forbids only 'extreme' punishment that is 'grossly disproportionate to the crime.'" *Id.* (citing *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and *Leslie v. Doyle*, 125 F.3d 1132, 1134–35 (7th Cir. 1997)). The Petitioner, who is serving two consecutive 50-year sentences for two murders in the perpetration of a robbery, *see Mahone v. State*, 541 N.E.2d 278 (Ind. 1989), was sanctioned with approximately a nine month extension of his sentence for pushing, grabbing, and wrestling a guard who was confiscating contraband from him.[1] The nine-month addition to a 50-year sentence cannot be considered to be unconstitutionally excessive in light of Seventh Circuit case law:

---

[1] Demotion to credit class II will result in the loss of approximately 3 months credit time in addition to the 180 days of earned credit time that was deducted.

> Our precedents hold that "[u]nconstitutional disproportionality of punishment . . . generally requires punishment far more severe than 15 days in segregation, usually for offenses less dangerous than refusal to submit to a search." *Madyun v. Franzen*, 704 F.2d 954, 961 (7th Cir. 1983); *see also Haines v. Kerner*, 492 F.2d 937, 942 (7th Cir. 1974) (per curiam) (15 days' segregation).

*Leslie*, 125 F.3d at 1135. Therefore, the punishment in this case was neither extreme nor fundamentally unfair.

Fifth, the Petitioner argues that his punishment is retaliatory, although he does not identify the reason or basis for the alleged retaliatory animus. (Pet. 3) (Ground 4). Assuming prison officials did retaliate against him, that does not entitle him to relief because the disciplinary process afforded him "procedural protections [that] are constitutionally adequate." *Cf. McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) (citing *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); *Hanrahan v. Lane*, 747 F.2d 1137, 1139–41 (7th Cir. 1984)).

In *McBride*, the court assumed "fraudulent conduct on the part of prison officials," *id.*, but found that there was "protection from such arbitrary actions . . . in the procedures mandated by due process." *Id.* "Because those procedures were satisfied in this case, and the CAB had 'some evidence for its decision, McPherson has no viable constitutional claim." *Id.* The Court has already ruled against the due process claims alleged by the Petitioner and that there was "some evidence" supporting the DHB's decision. Thus, even if it is true that prison officials retaliated against the Petitioner, that would not afford him habeas corpus relief.

Because "it plainly appears from the petition and [supplemental] exhibits that the petitioner is not entitled to relief," Rule 4 of the Rules Governing Section 2254 Cases, this Habeas Corpus Petition [DE 1] is DENIED.

SO ORDERED on March 19, 2009.

                                        s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION